UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PETER VRINCENEAU,

          Plaintiff,

  v.

KING COUNTY, et al.,

          Defendant.

CASE NO. 2:23-cv-00423-BAT

**ORDER DENYING SERVICE BY MAIL**

Plaintiff filed a complaint naming seven Defendants, and affidavits that he has served six Defendants. *See* Dkts. 7-12. Before the Court is Plaintiff's motion requesting permission to serve the seventh Defendant, Barbara Akua Oforiwaa Asare, by mail and email, and in the alternative for an extension of 60 days to effect service upon her. Dkt. 14.

In support of the motion, Plaintiff avers Defendant Asare: (1) sold her last known residence in Renton, Washington; (2) resigned from King County Metro in April 2023; (3) failed to respond to emails sent by a process server to four different email addresses; and (4) may reside either at 40 E. Sidney Ave. Apt. 7C, Mount Vernon, New York (according to a website called Whitepages.com), or in Virginia (according to the process server), or at an unknown address in Prosper, Texas (according to LinkedIn).

Defendant requests the Court grant him permission to serve Defendant Asare by mailing the summons and complaint to the Mount Vernon, New York Address, or emailing her at her "known" email addresses and by sending a "message" to her LinkedIn account.

ORDER DENYING SERVICE BY MAIL - 1

Proper service of Defendant is critical because the Court may exercise personal jurisdiction over Defendant Asare only if she is properly served summons. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987), *superseded by statute on other grounds*; *SEC v. Ross*, 504 F.3d 1130, 1138 (9th Cir.2007). The Court lacks personal jurisdiction over Defendant unless she has been served in accordance with Fed. R. Civ. P.4. *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir.1986), *amended by* 807 F.2d 1514 (9th Cir.1987). Federal Rule 4(e)(1) allows summons to be served on an individual in a manner that follows "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

Under Washington law, a court may allow substitute service by publication or mail if the petitioner establishes: "'(1) that the defendant could not be found in Washington after a diligent search, (2) that the defendant was a resident of Washington, and (3) that the defendant had either left the state or concealed [themselves] within it, with intent to defraud creditors or avoid service of process.'" *Pascua v. Heil*, 126 Wn. App. 520, 526-27; RCW 4.28.100(2) (outlining the requirements for allowing substitute service by publication). A court may allow service by mail if it is just as likely to give actual notice as service by publication. CR 4(d)(4). The law requires strict compliance with the statutes for substituted service. *Martin v. Meier*, 111 Wn.2d 471, 479, 760 P.2d 925 (1988)." *Van Wicklen v. Van* Wicklen, 18 Wn App.2d 1034, 2021 WL 3145724 at * 3 (2021).

"A bare recitation of the statutory factors required to obtain jurisdiction is insufficient; the plaintiff must produce the specific facts which support the conclusions required by the statute." *Pascua,* 126 Wn. App at 527. Additionally, "due process requires notice reasonably

calculated, under all the circumstances, to apprise interested parties of a pending action." *Id*. at 528.

Plaintiff fails to meet the requirement that he strictly comply with the statutes for substituted service. Plaintiff does not contend he cannot locate Defendant and instead indicates Defendant Asare resides in Texas, or at specific residences either in New York, or according to the process server's "skip-trace" at an address in Virginia. Plaintiff presents nothing showing service was attempted at the addresses in New York or Virginia, and nothing showing any attempt to ascertain whether Defendant has an address in Prosper, Texas, and if so whether service was attempted there. Additionally, Plaintiff presents nothing showing Defendant Asare left Washington State with the intent to defraud or conceal herself. Finally, while Plaintiff has performed internet or other services for email addresses and phone numbers associated with the name of Defendant, he presents no facts that these addresses and phone numbers are actually Defendant Asare's addresses or numbers and would provide her any notice of this action or would be just as likely to give Defendant actual notice as service by publication.

The Court concludes Plaintiff fails to provide sufficient facts to establish that service by mail or publication are appropriate at this point.

Plaintiff also requests that if the Court denies leave to serve by mail or publication, he be granted an additional 60 days to effect service of the complaint and summons. The court docket reflects Plaintiff filed an amended complaint on May 15, 2023, before it was served on any Defendant in this action. The amended complaint is thus the operative complaint in this matter, and the deadline to serve Defendant Asare is currently August 13, 2023. *See* Fed. R. Civ. P. 4(m); *Raiser v. United States District Court for Southern California*, 2020 WL 7226425 at * 2 (S.D. Cal. Dec. 8, 2020) ("Plaintiff filed his Complaint on August 3, 2020, (see ECF No. 1), and

his operative First Amended Complaint on October 26, 2020, (see ECF No. 7), meaning that his deadline to serve Defendants is January 25, 2021."). Because the deadline to serve is still 80 days away, the Court declines to extend that deadline at this point.

The Court accordingly **ORDERS**:

1. Plaintiff's Motion for Service by Mail or for a 60-day extension to Serve Defendant Asare (Dkt. 14) is DENIED <u>without</u> prejudice.
2. Plaintiff is granted leave to serve Defendant Asare.
3. The Clerk shall provide the parties with a copy of this Order.

DATED this 25th day of May, 2023.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge